**Commonwealth ex rel. Perrine v. Perrine**

*Joseph J. Nelson,* District Attorney, for Commonwealth.

*Carl Moses,* for defendant.

ACKER, J., December 31, 1973.—Petitioner has requested a blood test to determine parenthood of an infant child, Christina L. Perrine, born November 22,

1972, in wedlock. The request is pursuant to the Act of July 13, 1961, P. L. 587, sec. 1, 28 PS §307.1. Testimony was taken on the allegations contained in the petition from which this court makes the following

## FINDINGS OF FACT

1. The parties to this action became acquainted approximately two years prior to their marriage on August 27, 1971.

2. That the natural mother, Katherine Perrine, is presently 18 years of age and petitioner, her former husband, approximately two years older.

3. That at some time not earlier than six months prior to their marriage on August 27, 1971, the parents of Katherine Perrine permitted her boyfriend, Jerry L. Perrine, to sleep in their residence on a couch.

4. That at some time prior to August 27, 1971, Jerry Perrine commenced living in the same bedroom with Katherine Perrine and during the six-month period the parties were having sexual relations on a regular basis.

5. That the parties continued to reside together in the parents' home following the marriage for approximately a month when they became separated.

6. That following the separation, the parties had sexual relations together on at least two occasions, being December of 1971 and February of 1972.

7. That following the sexual relations of February 1972, Katherine Perrine met a divorced man and at some time in March of 1972 commenced sexual relations with him intermittently for a period of approximately two months.

8. That Katherine Perrine believed that she became pregnant in February of 1972 prior to her meeting and having sexual relations with the divorced man.

9. The natural mother did not consult a physician until after she had had relations with the divorced

man and did not miss a menstrual period until the third week of March 1972.

10. That the child was a full-term baby, being born on November 22, 1972, weighing seven pounds, eleven ounces.

11. A full nine-month pregnancy would have been the result of conception in February 1972.

12. That on June 2, 1972, respondent-father was committed to a State Penal Institution, where he remained until his release on April 19, 1973.

13. That the petitioner-mother on various occasions stated that respondent, Jerry L. Perrine, was not the natural father but she explained, through testimony, that she alleged this in order to persuade her husband to not resist her securing a divorce.

14. In response to a letter in which respondent set forth the above-mentioned allegations, petitioner admitted having sexual relations with his wife after their separation, graphically describing the occasions and concluding "maybe that is what made you pregnant." And further, "All I can say is we are married, we have a child, and I love her very much. I hope we have other children . . ."

15. It is possible that either respondent or the divorced man with whom petitioner admitted having relations could be the biological father of the child.

16. The petition for requesting the blood test was presented at the commencement of the nonsupport hearing.

Although such a petition need not be entertained if it is presented at such a time as to delay the proceedings unduly, we do not conclude that petitioner should be deprived of the opportunity of a blood test under the facts here present. Petitioner has been out of prison a relatively short time, has steady employment, and has engaged counsel of his own choosing which he is

paying from his own moneys. The case was never previously listed for hearing.

Our courts held in interpreting the Act of May 24, 1951, P. L. 402, that a husband does not have the right to demand blood grouping tests where a child was conceived and born in wedlock as in the case at bar: Commonwealth ex rel. O'Brien v. O'Brien, 182 Pa. Superior Ct. 584, 128 A. 2d 164 (1956), affirmed in 390 Pa. 551, 136 A. 2d 451 (1957).

The present Act of July 13, 1961, supra, is broader in its language as to civil actions. It provides that, in such actions in which parentage or parenty or identity of a child is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved, may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests.

Commonwealth ex rel. Goldman v. Goldman, 199 Pa. Superior Ct. 274, 184 A. 2d 351 (1962), interpreted this statute and held it to extend the right of blood tests to children born during wedlock.

The following year, in Commonwealth ex rel. Weston v. Weston, 201 Pa. Superior Ct. 554, 193 A. 2d 782 (1963), a lower court granted a blood test, believing that under the Goldman decision, supra, it had no alternative but to enter the order prayed for. This was reversed with the appellate court in effect reading into the statute the doctrine of estoppel. This doctrine was affirmed more recently in Commonwealth ex rel. Hall v. Hall, 215 Pa. Superior Ct. 24, 257 A. 2d 269 (1969).

In light of the admission by respondent that she did have sexual relations with a person other than petitioner during the period when the child could have been conceived, petitioner, in fairness and justice,

should be given the opportunity to have a blood test run of the required parties to assist in resolving that matter.

Hence, the prayer of the petition is granted.

### ORDER

And now, December 31, 1973, it is hereby ordered and decreed that the mother, Katherine A. Perrine, the child, Christina L. Perrine, and defendant, Jerry L. Perrine, shall submit to a blood grouping test by a duly qualified physician to determine whether or not defendant can be excluded as being the father of the child. Said examination to be made by a pathologist at the Sharon General Hospital. Notice of the time, date and place of the blood grouping test shall be given by petitioner through his counsel to respondent by certified mail return receipt requested sufficiently in advance for necessary arrangements for transportation to be made by respondent.